IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| INTERNET MACHINES LLC | |
| Plaintiff, | |
| v. | NO. 6:11-CV-250-MHS<br>NO. 6:10-CV-548-MHS<br>(CONSOLIDATED) |
| AVNET, INC.; ASUS COMPUTER INTERNATIONAL; CDW CORP.; CDW LLC; CONCURRENT TECHNOLOGIES INC.; CONCURRENT TECHNOLOGIES PLC; CYCLONE MICROSYSTEMS, INC.; EMC CORP.; EXTREME ENGINEERING SOLUTIONS, INC.; FUSION-IO, INC.; GE INTELLIGENT PLATFORMS EMBEDDED SYSTEMS, INC.; MERCURY COMPUTER SYSTEMS, INC.; MOUSER ELECTRONICS, INC.; NATIONAL INSTRUMENTS CORP.; PLX TECHNOLOGY, INC.; VADATECH, INC.; AGILENT TECHNOLOGIES, INC. D/B/A AGILENT; ALCATEL-LUCENT USA INC. D/B/A ALCATEL-LUCENT; ALCATEL-LUCENT CANADA INC. D/B/A ALCATEL-LUCENT; ALCATEL-LUCENT HOLDING INC. D/B/A ALCATEL-LUCENT; ARISTA NETWORKS, INC.; ARBOR NETWORKS, INC.; DIGI-DATA CORP.; EMPIRIX INC.; ENCADIS DESIGN, INC.; EXEGY INC.; FLEXTRONICS INTERNATIONAL LTD; FLEXTRONICS AMERICA LLC;. LSI CORPORATION A/K/A LSI A/K/A LSI LOGIC; MATROX ELECTRONIC SYSTEMS LTD.; MATROX GRAPHICS INC.; MATROX TECH, INC.; ONE STOP SYSTEMS, INC.; SILICOM CONNECTIVITY SOLUTIONS, INC. D/B/A SILICOM; TELLABS, INC.; TERADYNE, INC.; NEXTIO, INC; OCTERA SOLUTIONS CORP.; OCTERA SOLUTIONS, INC. AND SYMMETRY ELECTRONICS CORP.; | |
| | JURY TRIAL DEMANDED |
| Defendants. | |

**THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Internet Machines LLC files this Amended Complaint against AVNET, INC.;

ASUS COMPUTER INTERNATIONAL; CDW CORPORATION; CDW LLC;

CONCURRENT TECHNOLOGIES INC.; CONCURRENT TECHNOLOGIES PLC; CYCLONE MICROSYSTEMS, INC.; EMC CORP.; EXTREME ENGINEERING SOLUTIONS, INC.; FUSION-IO, INC.; GE INTELLIGENT PLATFORMS EMBEDDED SYSTEMS, INC.; MERCURY COMPUTER SYSTEMS, INC.; MOUSER ELECTRONICS, INC.; NATIONAL INSTRUMENTS CORP.; PLX TECHNOLOGY, INC.; VADATECH, INC.; AGILENT TECHNOLOGIES, INC. D/B/A AGILENT; ALCATEL-LUCENT USA INC. D/B/A ALCATEL-LUCENT; ALCATEL-LUCENT CANADA INC. D/B/A ALCATEL-LUCENT; ALCATEL-LUCENT HOLDING INC. D/B/A ALCATEL-LUCENT; ARISTA NETWORKS, INC.; ARBOR NETWORKS, INC.; DIGI-DATA CORP.; EMPIRIX INC.;   ENCADIS DESIGN, INC.; EXEGY INC.; FLEXTRONICS INTERNATIONAL LTD; FLEXTRONICS AMERICA LLC; LSI CORPORATION A/K/A LSI A/K/A LSI LOGIC; MATROX ELECTRONIC SYSTEMS LTD.; MATROX GRAPHICS INC.; MATROX TECH, INC.;;ONE STOP SYSTEMS, INC.; SILICOM CONNECTIVITY SOLUTIONS, INC. D/B/A SILICOM; TELLABS, INC.; TERADYNE, INC.; NEXTIO, INC; OCTERA SOLUTIONS CORP.; OCTERA SOLUTIONS, INC. and SYMMETRY ELECTRONICS CORP. (collectively "Defendants").

## PARTIES

1.      Internet Machines LLC ("iMac" or "Plaintiff") is a Texas Limited Liability Company with its place of business in Longview, Texas.

2.      Defendant AVNET, INC. ("AVNET") is, on information and belief, a New York corporation with a place of business in Phoenix, Arizona.

3.      Defendant ASUS COMPUTER INTERNATIONAL ("ASUS") is, on information and belief, a California corporation with a place of business in Fremont, California.

2

4.      Defendant CDW CORPORATION ("CDW CORP.") is, on information and belief, an Illinois corporation with a place of business in Vernon Hills, Illinois.

5.      Defendant CDW LLC ("CDW LLC") is, on information and belief, an Illinois Limited Liability Company with a place of business in Vernon Hills, Illinois.  CDW CORP. and CDW LLC are collectively referred to hereinafter as "CDW."

6.      Defendant CONCURRENT TECHNOLOGIES INC. is, on information and belief, a California corporation with a place of business in Woburn, Massachusetts.

7.      Defendant CONCURRENT TECHNOLOGIES PLC is, on information and belief, an English public limited company with a place of business in Colchester, United Kingdom. CONCURRENT TECHNOLOGIES INC. and CONCURRENT TECHNOLOGIES PLC are collectively referred to hereinafter as "CONCURRENT."

8.      Defendant CYCLONE MICROSYSTEMS, INC. ("CYCLONE") is, on information and belief, a Connecticut corporation with a place of business in New Haven, Connecticut.

9.      Defendant EMC CORP. ("EMC") is, on information and belief, a Massachusetts corporation with a place of business in Hopkinton, Massachusetts.

10.      Defendant EXTREME ENGINEERING SOLUTIONS, INC. ("EXTREME") is, on information and belief, a Wisconsin corporation with a place of business in Middleton, Wisconsin.

11.      Defendant FUSION-IO, INC. ("FUSION") is, on information and belief, a Delaware corporation with a place of business at Salt Lake City, Utah.

12.     Defendant GE INTELLIGENT PLATFORMS EMBEDDED SYSTEMS, INC. ("GE") is, on information and belief, a New York corporation with a place of business in Fairfield, Connecticut.

13.     Defendant MERCURY COMPUTER SYSTEMS, INC. ("MERCURY") is, on information and belief, a Massachusetts corporation with a place of business in Chelmsford, Massachusetts.

14.     Defendant MOUSER ELECTRONICS, INC. ("MOUSER") is, on information and belief, a Delaware corporation with a place of business in Mansfield, Texas.

15.     Defendant NATIONAL INSTRUMENTS CORP. ("NATIONAL INSTRUMENTS") is, on information and belief, a Delaware corporation with a place of business in Austin, Texas.

16.     Defendant PLX TECHNOLOGY, INC. ("PLX") is, on information and belief, a Delaware corporation with a place of business in Sunnyvale, California.

17.     Defendant VADATECH, INC. ("VADATECH") is, on information and belief, a Nevada corporation with a place of business in Las Vegas, Nevada.

18.     Defendant AGILENT TECHNOLOGIES, INC. D/B/A AGILENT ("AGILENT") is, on information and belief, a Delaware corporation with a place of business in California.

19.     Defendant ALCATEL-LUCENT USA INC. D/B/A ALCATEL-LUCENT ("ALCATEL-LUCENT USA") is, on information and belief, a Delaware corporation with a place of business in New Providence, New Jersey.

20.     Defendant ALCATEL-LUCENT CANADA INC. D/B/A ALCATEL-LUCENT ("ALCATEL-LUCENT CANADA") is, on information and belief, a Canadian corporation with a place of business in Kanata, Ontario, Canada.

21.     Defendant ALCATEL-LUCENT HOLDING INC. D/B/A ALCATEL-LUCENT ("ALCATEL-LUCENT HOLDING") is, on information and belief, a Delaware corporation with a place of business in New Providence, New Jersey. ALCATEL-LUCENT, ALCATEL-LUCENT CANDA and ALCATEL-LUCENT HOLDING are hereinafter referred to as "ALCATEL."

22.     Defendant ARISTA NETWORKS, INC. ("ARISTA") is, on information and belief, a Nevada corporation with a place of business in California.

23.     Defendant ARBOR NETWORKS, INC.; ("ARBOR") is, on information and belief, a Delaware corporation with a place of business in Massachusetts.

24.     Defendant DIGI-DATA CORP.; ("DIGI-DATA") is, on information and belief, a Maryland corporation with a place of business in Colorado.

25.     Defendant EMPIRIX INC. ("EMPIRIX") is, on information and belief, a Delaware corporation with a place of business in Massachusetts.

26.     Defendant ENCADIS DESIGN, INC. ("ENCADIS") is, on information and belief, a New Jersey corporation with a place of business in New Jersey.

27.     Defendant EXEGY INC. ("EXEGY") is, on information and belief, a Delaware corporation with a place of business in Missouri.

28.     Defendant FLEXTRONICS AMERICA LLC. ("FLEXTRONICS AMERICA") is, on information and belief, a Delaware corporation with a place of business in Austin, Texas.

29.     Defendant FLEXTRONICS INTERNATIONAL LTD. ("FLEXTRONICS INTERNATIONAL") is, on information and belief, a Delaware corporation with a place of business in Austin, Texas. Hereinafter, FLEXTRONICS AMERICA and FLEXTRONICS INTERNATIONAL are collectively referred to as "FLEXTRONICS."

30.     Defendant LSI CORPORATION A/K/A LSI A/K/A LSI LOGIC ("LSI") is, on information and belief, a Delaware corporation with a place of business in California.

31.     Defendant MATROX ELECTRONIC SYSTEMS LTD. D/B/A MATROX ("MATROX ELECTRONIC SYSTEMS") is, on information and belief, a Canadian corporation with a place of business in Dorval, Quebec, Canada.

32.     Defendant MATROX GRAPHICS INC. D/B/A MATROX ("MATROX GRAPHICS") is, on information and belief, a Canadian corporation with a place of business in Dorval, Quebec, Canada.

33.     Defendant MATROX TECH, INC. D/B/A MATROX ("MATROX TECH") is, on information and belief, a Delaware corporation with a place of business in Dorval, Quebec, Canada.   Hereinafter, MATROX ELECTRONIC SYSTEMS, MATROX GRAPHICS and MATROX TECH are collectively referred to as "MATROX."

34.     Defendant NEXTIO, INC. ("NEXTIO") is, on information and belief, a Delaware corporation with a place of business in Austin, Texas. OCTERA SOLUTIONS CORP.; OCTERA SOLUTIONS, INC.

35.     Defendant OCTERA SOLUTIONS CORP. ("OCTERA SOLUTIONS CORP") is, on information and belief, a Delaware corporation with a place of business in Colorado.

36.     Defendant OCTERA SOLUTIONS, INC. ("OCTERA SOLUTIONS, INC") is, on information and belief, a Delaware corporation with a place of business in Colorado. Hereinafter, OCTERA SOLUTIONS CORP and OCTERA SOLUTIONS, INC are collectively referred to as "OCTERA."

37.     Defendant ONE STOP SYSTEMS, INC. ("ONE STOP") is, on information and belief, a California corporation with a place of business in California.

38.     Defendant SILICOM CONNECTIVITY SOLUTIONS, INC. D/B/A SILICOM ("SILICOM") is, on information and belief, a Washington corporation with a place of business in New Jersey.

39.     Defendant SYMMETRY ELECTRONICS CORP. ("SYMMETRY") is, on information and belief, a California corporation with a place of business in Hawthorne, California.

40.     Defendant TELLABS, INC. ("TELLABS") is, on information and belief, a Delaware corporation with a place of business in Illinois.

41.     Defendant TERADYNE, INC. ("TERADYNE") is, on information and belief, a Massachusetts corporation with a place of business in Massachusetts.

## JURISDICTION AND VENUE

42.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein.  Without limitation, on information and belief, within this state the Defendants have engaged in at least the selling and offering for sale, or they have at least induced or contributed to the selling, offering for sale or use of the accused methods and apparatuses identified herein below.   In addition, on information and belief, Defendants have derived substantial revenues from the foregoing.  Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business,

engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

43.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, from and within this Judicial District each Defendant has committed at least a portion of the infringements at issue in this case.  Without limitation, on information and belief, within this district the Defendants have engaged in at least the selling and offering for sale, or they have at least induced or contributed to the selling, offering for sale or use of the accused methods and apparatuses identified herein below.  In addition, on information and belief, Defendants have derived substantial revenues from the foregoing.  Further, on information and belief, Defendants are subject to personal jurisdiction in this District for at least the same reasons noted above with respect to personal jurisdiction within the State of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,454,552

44.     United States Patent No. 7,454,552 ("the '552 patent") entitled "Switching with Transparent and Non-Transparent Ports" was filed on November 18, 2004 and issued on November 18, 2008. The '552 patent is entitled to priority from U.S. Application No. 60/523,246, which was filed on Nov. 18, 2003.

45.     The named inventors of the '552 patent are Heath Stewart, Michael de la Garrigue and Chris Haywood.

46.     iMac is the assignee of all right, title and interest in the '552 patent.  Accordingly, iMac has standing to bring this lawsuit for infringement of the '552 patent.

47.     One or more claims of the '552 patent cover, inter alia, various apparatuses or methods comprising PCI Express Switches, with such switch apparatuses or methods comprising

a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

48.     On information and belief, Defendant AVNET has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

49.     Further, on information and belief, to the extent that AVNET continues to infringe the '552 patent after having received notice thereof, including via this lawsuit, then AVNET would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

50.     Upon information and belief, any such induced infringement by AVNET would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

51.     Defendant AVNET is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

52.     On information and belief, Defendant ASUS has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

53.     Further, on information and belief, to the extent that ASUS continues to infringe the '552 patent after having received notice thereof, including via this lawsuit, then ASUS would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

54.     Upon information and belief, any such induced infringement by ASUS would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

55.     Defendant ASUS is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

56.     On information and belief, Defendant CDW has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising

PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

57.     Further, on information and belief, to the extent that CDW continues to infringe the '552 patent after having received notice thereof, including via this lawsuit, then CDW would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

58.     Upon information and belief, any such induced infringement by CDW would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

59.     Defendant CDW is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

60.     On information and belief, Defendant CONCURRENT has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

11

61.     Further, on information and belief, at least since becoming aware of the '552 patent, CONCURRENT has indirectly infringed by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

62.     Upon information and belief, any such induced infringement by CONCURRENT has involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement has involved knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

63.     Defendant CONCURRENT is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

64.     On information and belief, Defendant EMC has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

65.     Further, on information and belief, at least since becoming aware of the '552 patent, EMC has indirectly infringed by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the

United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

66.     Upon information and belief, any such induced infringement by EMC has involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement has involved knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

67.     Defendant EMC is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

68.     On information and belief, Defendant FUSION has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

69.     Further, on information and belief, at least since becoming aware of the '552 patent, FUSION has indirectly infringed by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

70.     Upon information and belief, any such induced infringement by FUSION has involve intent for the direct infringement the '552 patent and the aiding or abetting of such

infringement, and any such contributory infringement has involved knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

71.     Defendant FUSION is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

72.     On information and belief, Defendant MERCURY has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

73.     Further, on information and belief, at least since becoming aware of the '552 patent, MERCURY has indirectly infringed by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

74.     Upon information and belief, any such induced infringement by MERCURY has involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement has involved knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

75.     Defendant MERCURY is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

76.     On information and belief, Defendant AGILENT has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

77.     Further, on information and belief, at least since becoming aware of the '552 patent, AGILENT has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

78.     Upon information and belief, any such induced infringement by AGILENT would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

79.     Defendant AGILENT is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

80.     On information and belief, Defendant ALCATEL has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States

by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

81.     Further, on information and belief, at least since becoming aware of the '552 patent, ALCATEL has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

82.     Upon information and belief, any such induced infringement by ALCATEL would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

83.     Defendant ALCATEL is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

84.     On information and belief, Defendant ARISTA has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

85.     Further, on information and belief, at least since becoming aware of the '552 patent, ARISTA has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

86.     Upon information and belief, any such induced infringement by ARISTA would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

87.     Defendant ARISTA is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

88.     On information and belief, Defendant ARBOR has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

89.     Further, on information and belief, at least since becoming aware of the '552 patent, ARBOR has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district,

and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

90.     Upon information and belief, any such induced infringement by ARBOR would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

91.     Defendant ARBOR is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

92.     On information and belief, Defendant DIGI-DATA has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

93.     Further, on information and belief, at least since becoming aware of the '552 patent, DIGI-DATA has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

94.     Upon information and belief, any such induced infringement by DIGI-DATA would necessarily involve intent for the direct infringement the '552 patent and the aiding or

abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

95.    Defendant DIGI-DATA is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

96.    On information and belief, Defendant EMPIRIX has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

97.    Further, on information and belief, at least since becoming aware of the '552 patent, EMPIRIX has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

98.    Upon information and belief, any such induced infringement by EMPIRIX would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

99.     Defendant EMPIRIX is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

100.    On information and belief, Defendant ENCADIS has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

101.    Further, on information and belief, at least since becoming aware of the '552 patent, ENCADIS has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

102.    Upon information and belief, any such induced infringement by ENCADIS would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

103.    Defendant ENCADIS is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

104.    On information and belief, Defendant EXEGY has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by

actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

105.    Further, on information and belief, at least since becoming aware of the '552 patent, EXEGY has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

106.    Upon information and belief, any such induced infringement by EXEGY would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

107.    Defendant EXEGY is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

108.    On information and belief, Defendant FLEXTRONICS has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

109.    Further, on information and belief, at least since becoming aware of the '552 patent, FLEXTRONICS has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

110.    Upon information and belief, any such induced infringement by FLEXTRONICS would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

111.    Defendant FLEXTRONICS is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

112.

113.    On information and belief, Defendant LSI has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

114.    Further, on information and belief, at least since becoming aware of the '552 patent, LSI has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district,

and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

115.    Upon information and belief, any such induced infringement by LSI would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

116.    Defendant LSI is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

117.    On information and belief, Defendant MATROX has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

118.    Further, on information and belief, at least since becoming aware of the '552 patent, MATROX has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

119.    Upon information and belief, any such induced infringement by MATROX would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of

such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

120.    Defendant MATROX is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

121.    On information and belief, Defendant NEXTIO has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

122.    Further, on information and belief, at least since becoming aware of the '552 patent, NEXTIO has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

123.    Upon information and belief, any such induced infringement by NEXTIO would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

124.    Defendant NEXTIO is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

125.    On information and belief, Defendant OCTERA has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

126.    Further, on information and belief, at least since becoming aware of the '552 patent, OCTERA has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

127.    Upon information and belief, any such induced infringement by OCTERA would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

128.    Defendant OCTERA is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

129.    On information and belief, Defendant ONE STOP has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States

by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

130.    Further, on information and belief, at least since becoming aware of the '552 patent, ONE STOP has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

131.    Upon information and belief, any such induced infringement by ONE STOP would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

132.    Defendant ONE STOP is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

133.    On information and belief, Defendant SILICOM has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

26

134.    Further, on information and belief, at least since becoming aware of the '552 patent, SILICOM has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

135.    Upon information and belief, any such induced infringement by SILICOM would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

136.    Defendant SILICOM is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

137.    On information and belief, Defendant SYMMETRY has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

138.    Further, on information and belief, at least since becoming aware of the '552 patent, SYMMETRY has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial

district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

139.   Upon information and belief, any such induced infringement by SYMMETRY would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

140.   Defendant SYMMETRY is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

141.   On information and belief, Defendant TELLABS has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

142.   Further, on information and belief, at least since becoming aware of the '552 patent, TELLABS has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

143.   Upon information and belief, any such induced infringement by TELLABS would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of

such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

144.    Defendant TELLABS is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

145.    On information and belief, Defendant TERADYNE has been and now is infringing the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, and a third, non-transparent port, and logic for routing or transporting data between said ports.

146.    Further, on information and belief, at least since becoming aware of the '552 patent, TERADYNE has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '552 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

147.    Upon information and belief, any such induced infringement by TERADYNE would necessarily involve intent for the direct infringement the '552 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '552 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

148.    Defendant TERADYNE is thus liable for infringement of the '552 patent pursuant to 35 U.S.C. § 271.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,421,532

149.    United States Patent No. 7,421,532 ("the '532 patent") is entitled "Switching with Transparent and Non-Transparent Ports."

150.    The '532 patent was filed on January 6, 2005 and issued on September 2, 2008.

151.    The '532 patent is a continuation-in-part of U.S. Application No. 10/993,277 filed Nov. 18, 2004 (now the '552 patent), which is entitled to priority from U.S. Application No. 60/523,246 filed Nov. 18, 2003.

152.    The named inventors of the '532 patent are Heath Stewart, Michael de la Garrigue and Chris Haywood.

153.    iMac is the assignee of all right, title and interest in the '532 patent.  Accordingly, iMac has standing to bring this lawsuit for infringement of the '532 patent.

154.    One or more claims of the '532 patent cover, inter alia, various apparatuses or methods comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data between said interfaces.

155.    On information and belief, Defendant AVNET has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent

interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

156.     Further, on information and belief, to the extent that AVNET continues to infringe the '532 patent after having received notice thereof, including via this lawsuit, then AVNET would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

157.     Upon information and belief, any such induced infringement by AVNET would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

158.     Defendant AVNET is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

159.     On information and belief, Defendant ASUS has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

160.    Further, on information and belief, to the extent that ASUS continues to infringe the '532 patent after having received notice thereof, including via this lawsuit, then ASUS would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

161.    Upon information and belief, any such induced infringement by ASUS would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

162.    Defendant ASUS is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

163.    On information and belief, Defendant CDW has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

164.    Further, on information and belief, to the extent that CDW continues to infringe the '532 patent after having received notice thereof, including via this lawsuit, then CDW would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

165.    Upon information and belief, any such induced infringement by CDW would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

166.    Defendant CDW is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

167.    On information and belief, Defendant CONCURRENT has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

168.    Further, on information and belief, at least since becoming aware of the '532 patent, CONCURRENT has indirectly infringed by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

169.    Upon information and belief, any such induced infringement by CONCURRENT has involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement has involved knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

170.    Defendant CONCURRENT is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

171.    On information and belief, Defendant EMC has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

172.    Further, on information and belief, at least since becoming aware of the '532 patent, EMC has indirectly infringed by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

173.    Upon information and belief, any such induced infringement by EMC has involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement has involved knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532

patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

174.     Defendant EMC is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

175.     On information and belief, Defendant FUSION has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

176.     Further, on information and belief, at least since becoming aware of the '532 patent, FUSION has indirectly infringed by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

177.     Upon information and belief, any such induced infringement by FUSION has involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement has involved knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

178.     Defendant FUSION is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

179.    On information and belief, Defendant MERCURY has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

180.    Further, on information and belief, at least since becoming aware of the '532 patent, MERCURY has indirectly infringed by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

181.    Upon information and belief, any such induced infringement by MERCURY has involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement has involved knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

182.    Defendant MERCURY is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

183.    On information and belief, Defendant AGILENT has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses

comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

184.     Further, on information and belief, at least since becoming aware of the '532 patent, AGILENT has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

185.     Upon information and belief, any such induced infringement by AGILENT would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

186.     Defendant AGILENT is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

187.     On information and belief, Defendant ALCATEL has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and

circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

188.    Further, on information and belief, at least since becoming aware of the '532 patent, ALCATEL has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

189.    Upon information and belief, any such induced infringement by ALCATEL would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

190.    Defendant ALCATEL is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

191.    On information and belief, Defendant ARISTA has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

192.    Further, on information and belief, at least since becoming aware of the '532 patent, ARISTA has been or now is indirectly infringing by way of inducing infringement and/or

contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

193.   Upon information and belief, any such induced infringement by ARISTA would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

194.   Defendant ARISTA is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

195.   On information and belief, Defendant ARBOR has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

196.   Further, on information and belief, at least since becoming aware of the '532 patent, ARBOR has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

197.   Upon information and belief, any such induced infringement by ARBOR would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

198.   Defendant ARBOR is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

199.   On information and belief, Defendant DIGI-DATA has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

200.   Further, on information and belief, at least since becoming aware of the '532 patent, DIGI-DATA has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

201.   Upon information and belief, any such induced infringement by DIGI-DATA would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve

40

knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

202.    Defendant DIGI-DATA is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

203.    On information and belief, Defendant EMPIRIX has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

204.    Further, on information and belief, at least since becoming aware of the '532 patent, EMPIRIX has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

205.    Upon information and belief, any such induced infringement by EMPIRIX would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

206.    Defendant EMPIRIX is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

207.    On information and belief, Defendant ENCADIS has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

208.    Further, on information and belief, at least since becoming aware of the '532 patent, ENCADIS has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

209.    Upon information and belief, any such induced infringement by ENCADIS would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

210.    Defendant ENCADIS is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

211.    On information and belief, Defendant EXEGY has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

212.    Further, on information and belief, at least since becoming aware of the '532 patent, EXEGY has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

213.    Upon information and belief, any such induced infringement by EXEGY would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

214.    Defendant EXEGY is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

215.    On information and belief, Defendant FLEXTRONICS has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods

comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

216.   Further, on information and belief, at least since becoming aware of the '532 patent, FLEXTRONICS has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

217.   Upon information and belief, any such induced infringement by FLEXTRONICS would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

218.   Defendant FLEXTRONICS is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

219.

220.   On information and belief, Defendant LSI has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

221.    Further, on information and belief, at least since becoming aware of the '532 patent, LSI has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

222.    Upon information and belief, any such induced infringement by LSI would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

223.    Defendant LSI is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

224.    On information and belief, Defendant MATROX has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

225.    Further, on information and belief, at least since becoming aware of the '532 patent, MATROX has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial

45

district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

226.    Upon information and belief, any such induced infringement by MATROX would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

227.    Defendant MATROX is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

228.    On information and belief, Defendant NEXTIO has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

229.    Further, on information and belief, at least since becoming aware of the '532 patent, NEXTIO has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

230.    Upon information and belief, any such induced infringement by NEXTIO would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

231.    Defendant NEXTIO is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

232.    On information and belief, Defendant OCTERA has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

233.    Further, on information and belief, at least since becoming aware of the '532 patent, OCTERA has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

234.    Upon information and belief, any such induced infringement by OCTERA would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge

that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

235.    Defendant OCTERA is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

236.    On information and belief, Defendant ONE STOP has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

237.    Further, on information and belief, at least since becoming aware of the '532 patent, ONE STOP has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

238.    Upon information and belief, any such induced infringement by ONE STOP would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

239.    Defendant ONE STOP is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

240.    On information and belief, Defendant SILICOM has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

241.    Further, on information and belief, at least since becoming aware of the '532 patent, SILICOM has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

242.    Upon information and belief, any such induced infringement by SILICOM would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

243.    Defendant SILICOM is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

244.    On information and belief, Defendant SYMMETRY has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

245.    Further, on information and belief, at least since becoming aware of the '532 patent, SYMMETRY has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

246.    Upon information and belief, any such induced infringement by SYMMETRY would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

247.    Defendant SYMMETRY is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

248.    On information and belief, Defendant TELLABS has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses

comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent, interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

249.    Further, on information and belief, at least since becoming aware of the '532 patent, TELLABS has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

250.    Upon information and belief, any such induced infringement by TELLABS would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

251.    Defendant TELLABS is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

252.    TERADYNE On information and belief, Defendant TERADYNE has been and now is infringing the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent interface, a second transparent interface, a third, non-transparent,

interface, and circuitry or functionality, for example, logic, for switching or transferring data relative to said interfaces.

253.    Further, on information and belief, at least since becoming aware of the '532 patent, TERADYNE has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '532 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

254.    Upon information and belief, any such induced infringement by TERADYNE would necessarily involve intent for the direct infringement the '532 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '532 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

255.    Defendant TERADYNE is thus liable for infringement of the '532 patent pursuant to 35 U.S.C. § 271.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 7,814,259

256.    United States Patent No. 7,814,259 ("the '259 patent") is entitled "PCI Express Switch with Backwards Compatibility."

257.    The '259 patent was filed on August 20, 2008 and issued on October 12, 2010.

258.    The '259 patent is a continuation of U.S. Application No. 11/031,853, filed January 6, 2005 (now the '532 patent), which is a continuation-in-part of U.S. Application No. 10/993,277 filed Nov. 18, 2004 (now the '552 patent), and it is entitled to priority from U.S. Application No. 60/523,246 filed Nov. 18, 2003.

259.    The named inventors of the '259 patent are Heath Stewart, Michael de la Garrigue and Chris Haywood.

260.    iMac is the assignee of all right, title and interest in the '259 patent.  Accordingly, iMac has standing to bring this lawsuit for infringement of the '259 patent.

261.    One or more claims of the '259 patent cover, inter alia, various apparatuses or methods comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

262.    On information and belief, all. Defendants' in this lawsuit are have infringed and are infringing the '259 patent, directly and indirectly, including as specifically stated hereinbelow.

263.    On information and belief, Defendant AVNET has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

264.    Further, on information and belief, to the extent that AVNET continues to infringe the '259 patent after having received notice thereof, including via this lawsuit, then AVNET would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere

in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

265.    Upon information and belief, any such induced infringement by AVNET would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

266.    Defendant AVNET is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

267.    On information and belief, Defendant ASUS has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

268.    Further, on information and belief, to the extent that ASUS continues to infringe the '259 patent after having received notice thereof, including via this lawsuit, then ASUS would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

269.    Upon information and belief, any such induced infringement by ASUS would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

270.    Defendant ASUS is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

271.    On information and belief, Defendant CDW has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

272.    Further, on information and belief, to the extent that CDW continues to infringe the '259 patent after having received notice thereof, including via this lawsuit, then CDW would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

273.    Upon information and belief, any such induced infringement by CDW would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of

such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

274.    Defendant CDW is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

275.    On information and belief, Defendant CONCURRENT has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

276.    Further, on information and belief, at least since becoming aware of the '259 patent, CONCURRENT has indirectly infringed by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

277.    Upon information and belief, any such induced infringement by CONCURRENT has involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement has involved knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of

the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

278.     Defendant CONCURRENT is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

279.     On information and belief, Defendant CYCLONE has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

280.     Further, on information and belief, at least since becoming aware of the '259 patent, CYCLONE has indirectly infringed by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

281.     Upon information and belief, any such induced infringement by CYCLONE has involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement has involved knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

282.    Defendant CYCLONE is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

283.    On information and belief, Defendant EMC has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

284.    Further, on information and belief, at least since becoming aware of the '259 patent, EMC has indirectly infringed by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

285.    Upon information and belief, any such induced infringement by EMC has involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement has involved knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

286.    Defendant EMC is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

287.    On information and belief, Defendant EXTREME has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

288.    Further, on information and belief, at least since becoming aware of the '259 patent, EXTREME has indirectly infringed by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

289.    Upon information and belief, any such induced infringement by EXTREME has involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement has involved knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

290.    Defendant EXTREME is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

291.    On information and belief, Defendant FLEXTRONICS has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or

apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

292.    Further, on information and belief, at least since becoming aware of the '259 patent, FLEXTRONICS has indirectly infringed by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

293.    Upon information and belief, any such induced infringement by FLEXTRONICS has involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement has involved knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

294.    Defendant FLEXTRONICS is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

295.    On information and belief, Defendant FUSION has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and

circuitry or functionality, for example, logic, for switching or transferring data between said ports.

296.    Further, on information and belief, at least since becoming aware of the '259 patent, FUSION has indirectly infringed by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

297.    Upon information and belief, any such induced infringement by FUSION has involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement has involved knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

298.    Defendant FUSION is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

299.    On information and belief, Defendant GE has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

300.     Further, on information and belief, at least since becoming aware of the '259 patent, GE has indirectly infringed by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

301.     Upon information and belief, any such induced infringement by GE has involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement has involved knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

302.     Defendant GE is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

303.     On information and belief, Defendant MERCURY has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

304.     Further, on information and belief, at least since becoming aware of the '259 patent, MERCURY has indirectly infringed by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere

in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

305.    Upon information and belief, any such induced infringement by MERCURY has involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement has involved knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

306.    Defendant MERCURY is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

307.    On information and belief, Defendant NATIONAL INSTRUMENTS has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

308.    Further, on information and belief, at least since becoming aware of the '259 patent, NATIONAL INSTRUMENTS has indirectly infringed by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

309.     Upon information and belief, any such induced infringement by NATIONAL INSTRUMENTS has involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement has involved knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

310.     Defendant NATIONAL INSTRUMENTS is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

311.     On information and belief, Defendant PLX has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

312.     Further, on information and belief, to the extent that PLX continues to infringe the '259 patent after having received notice thereof, including via this lawsuit, then PLX would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

313.     Upon information and belief, any such induced infringement by PLX would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of

64

such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

314.    Defendant PLX is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

315.    On information and belief, Defendant VADATECH has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

316.    Further, on information and belief, at least since becoming aware of the '259 patent, VADATECH has indirectly infringed by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

317.    Upon information and belief, any such induced infringement by VADATECH has involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement has involved knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of

the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

318.   Defendant VADATECH is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

319.   On information and belief, Defendant AGILENT has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

320.   Further, on information and belief, at least since becoming aware of the '259 patent, AGILENT has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

321.   Upon information and belief, any such induced infringement by AGILENT would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

322.    Defendant AGILENT is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

323.    On information and belief, Defendant ALCATEL has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

324.    Further, on information and belief, at least since becoming aware of the '259 patent, ALCATEL has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

325.    Upon information and belief, any such induced infringement by ALCATEL would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

326.    Defendant ALCATEL is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

327.    On information and belief, Defendant ARISTA has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

328.    Further, on information and belief, at least since becoming aware of the '259 patent, ARISTA has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

329.    Upon information and belief, any such induced infringement by ARISTA would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

330.    Defendant ARISTA is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

331.    On information and belief, Defendant ARBOR has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising

PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

332.    Further, on information and belief, at least since becoming aware of the '259 patent, ARBOR has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

333.    Upon information and belief, any such induced infringement by ARBOR would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

334.    Defendant ARBOR is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

335.    On information and belief, Defendant DIGI-DATA has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be

transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

336.    Further, on information and belief, at least since becoming aware of the '259 patent, DIGI-DATA has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

337.    Upon information and belief, any such induced infringement by DIGI-DATA would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

338.    Defendant DIGI-DATA is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

339.    On information and belief, Defendant EMPIRIX has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

340.     Further, on information and belief, at least since becoming aware of the '259 patent, EMPIRIX has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

341.     Upon information and belief, any such induced infringement by EMPIRIX would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

342.     Defendant EMPIRIX is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

343.     On information and belief, Defendant ENCADIS has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

344.     Further, on information and belief, at least since becoming aware of the '259 patent, ENCADIS has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial

71

district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

345.    Upon information and belief, any such induced infringement by ENCADIS would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

346.    Defendant ENCADIS is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

347.    On information and belief, Defendant EXEGY has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

348.    Further, on information and belief, at least since becoming aware of the '259 patent, EXEGY has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

349.     Upon information and belief, any such induced infringement by EXEGY would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

350.     Defendant EXEGY is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

351.     On information and belief, Defendant LSI has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

352.     Further, on information and belief, at least since becoming aware of the '259 patent, LSI has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

353.     Upon information and belief, any such induced infringement by LSI would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge

that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

354. Defendant LSI is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

355. On information and belief, Defendant MATROX has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

356. Further, on information and belief, at least since becoming aware of the '259 patent, MATROX has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

357. Upon information and belief, any such induced infringement by MATROX would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

358.     Defendant MATROX is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

359.     On information and belief, Defendant NEXTIO has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

360.     Further, on information and belief, at least since becoming aware of the '259 patent, NEXTIO has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

361.     Upon information and belief, any such induced infringement by NEXTIO would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

362.     Defendant NEXTIO is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

363.     On information and belief, Defendant OCTERA has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

364.     Further, on information and belief, at least since becoming aware of the '259 patent, OCTERA has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

365.     Upon information and belief, any such induced infringement by OCTERA would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

366.     Defendant OCTERA is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

367.     On information and belief, Defendant ONE STOP has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses

comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

368.   Further, on information and belief, at least since becoming aware of the '259 patent, ONE STOP has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

369.   Upon information and belief, any such induced infringement by ONE STOP would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

370.   Defendant ONE STOP is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

371.   On information and belief, Defendant SILICOM has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-

transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

372.    Further, on information and belief, at least since becoming aware of the '259 patent, SILICOM has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

373.    Upon information and belief, any such induced infringement by SILICOM would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

374.    Defendant SILICOM is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

375.    On information and belief, Defendant SYMMETRY has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

376.    Further, on information and belief, at least since becoming aware of the '259 patent, SYMMETRY has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

377.    Upon information and belief, any such induced infringement by SYMMETRY would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

378.    Defendant SYMMETRY is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

379.    On information and belief, Defendant TELLABS has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

380.    Further, on information and belief, at least since becoming aware of the '259 patent, TELLABS has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial

district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

381.    Upon information and belief, any such induced infringement by TELLABS would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

382.    Defendant TELLABS is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

383.    On information and belief, Defendant TARADYNE has been and now is infringing the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express Switches, with such switch apparatuses or methods comprising a first transparent port, a second transparent port, a third port configurable to be transparent or non-transparent, and circuitry or functionality, for example, logic, for switching or transferring data between said ports.

384.    Further, on information and belief, at least since becoming aware of the '259 patent, TARADYNE has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '259 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

385.    Upon information and belief, any such induced infringement by TARADYNE would necessarily involve intent for the direct infringement the '259 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '259 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

386.    Defendant TARADYNE is thus liable for infringement of the '259 patent pursuant to 35 U.S.C. § 271.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 7,945,722

387.    United States Patent No. 7,945,722 ("the '722 patent") is entitled "Routing Data Units Between Different Address Domains."

388.    The '722 patent was filed on September 2, 2010 and issued on May 17, 2011.

389.    The '722 patent is a continuation of U.S. Application No. 12/195,122, filed August 20, 2008 (now the '259 patent), a continuation of U.S. Application No. 11/031,853, filed January 6, 2005 (now the '532 patent), and a continuation-in-part of U.S. Application No. 10/993,277 filed Nov. 18, 2004 (now the '552 patent), all of which are entitled to priority from U.S. Application No. 60/523,246 filed Nov. 18, 2003.

390.    The named inventors of the '722 patent are Heath Stewart, Michael de la Garrigue and Chris Haywood.

391.    iMac is the assignee of all right, title and interest in the '722 patent.  Accordingly, iMac has standing to bring this lawsuit for infringement of the '722 patent.

392.    One or more claims of the '722 patent cover, inter alia, various apparatuses or methods comprising PCI Express switches, with such switch apparatuses or methods comprising

a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

393.    On information and belief, all. Defendants' in this lawsuit are have infringed and are infringing the '259 patent, directly and indirectly, including as specifically stated hereinbelow.

394.    On information and belief, Defendant AVNET has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

395.    Further, on information and belief, to the extent that AVNET continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then AVNET would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

396.    Upon information and belief, any such induced infringement by AVNET would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge

that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

397.    Defendant AVNET is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

398.    On information and belief, Defendant ASUS has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

399.    Further, on information and belief, to the extent that ASUS continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then ASUS would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

400.    Upon information and belief, any such induced infringement by ASUS would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an

infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

401. Defendant ASUS is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

402. On information and belief, Defendant CDW has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

403. Further, on information and belief, to the extent that CDW continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then CDW would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

404. Upon information and belief, any such induced infringement by CDW would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

405.    Defendant CDW is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

406.    On information and belief, Defendant CONCURRENT has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

407.    Further, on information and belief, to the extent that CONCURRENT continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then CONCURRENT would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

408.    Upon information and belief, any such induced infringement by CONCURRENT would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

409.    Defendant CONCURRENT is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

410.    On information and belief, Defendant CYCLONE has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

411.    Further, on information and belief, to the extent that CYCLONE continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then CYCLONE would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

412.    Upon information and belief, any such induced infringement by CYCLONE would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

413.    Defendant CYCLONE is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

414.    On information and belief, Defendant EMC has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

415.    Further, on information and belief, to the extent that EMC continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then EMC would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

416.    Upon information and belief, any such induced infringement by EMC would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

417.    Defendant EMC is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

418.    On information and belief, Defendant EXTREME has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

419.    Further, on information and belief, to the extent that EXTREME continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then EXTREME would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

420.    Upon information and belief, any such induced infringement by EXTREME would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

421.    Defendant EXTREME is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

422.    On information and belief, Defendant FUSION has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

423.    Further, on information and belief, to the extent that FUSION continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then FUSION would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

424.    Upon information and belief, any such induced infringement by FUSION would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

425.    Defendant FUSION is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

426.    On information and belief, Defendant GE has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions

comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

427.   Further, on information and belief, to the extent that GE continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then GE would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

428.   Upon information and belief, any such induced infringement by GE would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

429.   Defendant GE is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

430.   On information and belief, Defendant MERCURY has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a

plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

431.     Further, on information and belief, to the extent that MERCURY continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then MERCURY would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

432.     Upon information and belief, any such induced infringement by MERCURY would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

433.     Defendant MERCURY is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

434.     On information and belief, Defendant MOUSER has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-

transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

435.    Further, on information and belief, to the extent that MOUSER continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then MOUSER would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

436.    Upon information and belief, any such induced infringement by MOUSER would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

437.    Defendant MOUSER is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

438.    On information and belief, Defendant NATIONAL INSTRUMENTS has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared

address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

439.    Further, on information and belief, to the extent that NATIONAL INSTRUMENTS continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then NATIONAL INSTRUMENTS would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

440.    Upon information and belief, any such induced infringement by NATIONAL INSTRUMENTS would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

441.    Defendant NATIONAL INSTRUMENTS is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

442.    On information and belief, Defendant PLX has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein

transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

443.    Further, on information and belief, to the extent that PLX continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then PLX would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

444.    Upon information and belief, any such induced infringement by PLX would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

445.    Defendant PLX is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

446.    On information and belief, Defendant VADATECH has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared

address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

447.    Further, on information and belief, to the extent that VADATECH continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then VADATECH would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

448.    Upon information and belief, any such induced infringement by VADATECH would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

449.    Defendant VADATECH is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

450.    On information and belief, Defendant AGILENT has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared

address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

451.   Further, on information and belief, to the extent that AGILENT continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then AGILENT would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

452.   Upon information and belief, any such induced infringement by AGILENT would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

453.   Defendant AGILENT is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

454.   On information and belief, Defendant ALCATEL has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared

address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

455.    Further, on information and belief, to the extent that ALCATEL continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then ALCATEL would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

456.    Upon information and belief, any such induced infringement by ALCATEL would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

457.    Defendant ALCATEL is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

458.    On information and belief, Defendant ARISTA has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

459.    Further, on information and belief, to the extent that ARISTA continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then ARISTA would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

460.    Upon information and belief, any such induced infringement by ARISTA would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

461.    Defendant ARISTA is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

462.    On information and belief, Defendant ARBOR has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

463.    Further, on information and belief, to the extent that ARBOR continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then

ARBOR would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

464.    Upon information and belief, any such induced infringement by ARBOR would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

465.    Defendant ARBOR is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

466.    On information and belief, Defendant DIGI-DATA has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

467.    Further, on information and belief, to the extent that DIGI-DATA continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then DIGI-DATA would necessarily be indirectly infringing by way of inducing infringement and/or

contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

468.    Upon information and belief, any such induced infringement by DIGI-DATA would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

469.    Defendant DIGI-DATA is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

470.    On information and belief, Defendant EMPIRIX has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

471.    Further, on information and belief, to the extent that EMPIRIX continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then EMPIRIX would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district,

and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

472.    Upon information and belief, any such induced infringement by EMPIRIX would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

473.    Defendant EMPIRIX is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

474.    On information and belief, Defendant ENCADIS has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

475.    Further, on information and belief, to the extent that ENCADIS continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then ENCADIS would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district,

and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

476.    Upon information and belief, any such induced infringement by ENCADIS would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

477.    Defendant ENCADIS is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

478.    On information and belief, Defendant EXEGY has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

479.    Further, on information and belief, to the extent that EXEGY continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then EXEGY would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

480.    Upon information and belief, any such induced infringement by EXEGY would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

481.    Defendant EXEGY is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

482.    On information and belief, Defendant FLEXTRONICS has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

483.    Further, on information and belief, to the extent that FLEXTRONICS continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then FLEXTRONICS would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

484.    Upon information and belief, any such induced infringement by FLEXTRONICS would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

485.    Defendant FLEXTRONICS is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

486.    On information and belief, Defendant LSI has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

487.    Further, on information and belief, to the extent that LSI continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then LSI would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

488.    Upon information and belief, any such induced infringement by LSI would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of

such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

489.    Defendant LSI is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

490.    On information and belief, Defendant MATROX has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

491.    Further, on information and belief, to the extent that MATROX continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then MATROX would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

492.    Upon information and belief, any such induced infringement by MATROX would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge

that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

493.    Defendant MATROX is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

494.    On information and belief, Defendant NEXTIO has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

495.    Further, on information and belief, to the extent that NEXTIO continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then NEXTIO would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

496.    Upon information and belief, any such induced infringement by NEXTIO would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an

infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

497.    Defendant NEXTIO is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

498.    On information and belief, Defendant OCTERA has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

499.    Further, on information and belief, to the extent that OCTERA continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then OCTERA would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

500.    Upon information and belief, any such induced infringement by OCTERA would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an

infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

501.    Defendant OCTERA is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

502.    On information and belief, Defendant ONE STOP has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

503.    Further, on information and belief, to the extent that ONE STOP continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then ONE STOP would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

504.    Upon information and belief, any such induced infringement by ONE STOP would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for

use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

505.    Defendant ONE STOP is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

506.    On information and belief, Defendant SILICOM has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

507.    Further, on information and belief, to the extent that SILICOM continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then SILICOM would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

508.    Upon information and belief, any such induced infringement by SILICOM would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an

infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

509.    Defendant SILICOM is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

510.    On information and belief, Defendant SYMMETRY has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

511.    Further, on information and belief, to the extent that SYMMETRY continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then SYMMETRY would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

512.    Upon information and belief, any such induced infringement by SYMMETRY would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for

use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

513.   Defendant SYMMETRY is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

514.   On information and belief, Defendant TELLABS has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

515.   Further, on information and belief, to the extent that TELLABS continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then TELLABS would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

516.   Upon information and belief, any such induced infringement by TELLABS would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an

infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

517.    Defendant TELLABS is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

518.    TERADYNE On information and belief, Defendant TERADYNE has been and now is infringing the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling or offering to sell methods or apparatuses comprising PCI Express switches, with such switch apparatuses or methods comprising a plurality of physical interfaces, where one physical interface is configurable to be non-transparent, wherein transparent interfaces are for interfacing with devices having a shared address domain and the non-transparent interface is for interfacing with devices having an isolated address domain.

519.    Further, on information and belief, to the extent that TERADYNE continues to infringe the '722 patent after having received notice thereof, including via this lawsuit, then TERADYNE would necessarily be indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to the sale, offering for sale or use of said switches by others.

520.    Upon information and belief, any such induced infringement by TERADYNE would necessarily involve intent for the direct infringement the '722 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for

use in an infringement of the '722 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

521.    Defendant TERADYNE is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

522.    On information and belief, Defendants' infringement is and continues to be willful and objectively reckless, including because a jury has held the '532 and '552 patents to be valid and infringed, and because there is no good faith basis for Defendants to continue infringing the patents-in-suit after receiving notice of same.

## PRAYER FOR RELIEF

WHEREFORE, iMac respectfully requests that this Court enter:

1.    A judgment in favor of iMac that Defendants have infringed, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '552, '532 '259 and/or '722 patents (as applicable as alleged above);

2.    A judgment that the Defendants' infringement is now and/or has been willful and objectively reckless;

3.    A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '552, '532, '259 and/or '722 patents;

4.    A judgment and order requiring Defendants to pay iMac its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '552, '532, '259 and/or '722 patents as provided under 35 U.S.C. § 284;

5.    An award to iMac for enhanced damages as provided under 35 U.S.C. § 284;

6.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to iMac its reasonable attorneys' fees; and

7.      Any and all other relief to which iMac may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

March 2, 2012                                    Respectfully submitted,

*/s/ John J. Edmonds*
John J. Edmonds – LEAD COUNSEL
Texas State Bar No. 00789758
Michael J. Collins
Texas Bar No. 04614510
Stephen F. Schlather
Texas Bar No. 24007993
COLLINS, EDMONDS, POGORZELSKI,
SCHLATHER & TOWER, PLLC
1616 S. Voss Rd., Suite 125
Houston, Texas 77057
Telephone: (713) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
mcollins@cepiplaw.com
sschlather@cepiplaw.com

Andrew W. Spangler
State Bar No. 24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

L. Charles van Cleef
Texas Bar No. 786305
Van Cleef Law Office
431 N. Center Street
P.O. Drawer 2432
Longview, Texas 75606
(903) 238-8244

(903) 248-8249 Facsimile
charles@vancleef.pro

ATTORNEYS FOR PLAINTIFF
INTERNET MACHINES LLC


**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

March 2, 2012                                   /s/ *John J. Edmonds*
                                               John J. Edmonds